IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Elijah Missouri, | ) | Civil Action No. 4:13-cv-01326-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Peggy Spivey, Kershaw County, Crystal Rufus-Hodge, Susan Lopez, and Southern Health Partners, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Motions to Dismiss. (Dkt. Nos. 32 and 33). As explained herein, the Court adopts the Magistrate's Report and Recommendation and GRANTS Defendants' motions. Plaintiff's federal claims are therefore dismissed, and the pendant state claims are remanded to the Court of Common Claims.

### I. Background

This case is a civil action filed by an individual previously held as a pretrial detainee at the Kershaw County Detention Center ("KCDC"). Plaintiff filed suit on January 22, 2013, alleging federal causes of action for deprivation of constitutional rights under 42 U.S.C. § 1983, as well as state common law and constitutional claims. (Dkt. No. 1). Defendants filed a notice of removal to this Court based on federal question jurisdiction on May 15, 2013. Because Plaintiff abandoned his requests for injunctive relief under state and federal constitutional law (Dkt. No. 53 at 1), two claims remain before this Court, one for damages under Section 1983, and one for damages under a gross negligence theory against Kershaw County and South Carolina Health Partners ("SHP").

Plaintiff named five defendants. Defendant Susan Lopez works as a nurse for South Carolina Health Partners, which is contracted to provide medical care to detainees at KCDC. Defendants Peggy Spivey and Crystal Rufus-Hodge are the Director and Deputy Director of the KCDC, respectively. Defendants South Carolina Health Partners and Lopez (collectively the Southern Health defendants) filed a Motion for Summary Judgment (Dkt. No. 32) on November 26, 2013, and Defendants Kershaw County, Rufus-Hodge and Spivey (the County defendants) filed another Motion for Summary Judgment (Dkt. No. 33) on the same day.

Magistrate Judge Rogers filed a Report and Recommendation ("R&R") on July 16, 2014, recommending that the federal claims be dismissed and the pendant state law claims remanded to the Kershaw County Court of Common Pleas. On August 4, 2014, the Southern Health defendants entered an objection to the R&R, requesting that the state claims be dismissed with prejudice rather than remanded to state court. On the same day, the County defendants entered an objection to the R&R, also asking that the Court grant summary judgment on the state claim. Plaintiffs filed no objections to the R&R. For the reasons to follow, the Court adopts the R&R in whole.

## II. Discussion

### A. Standard of Review

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities

2

in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### B. Section 1983 constitutional claims

Plaintiff alleges a number of facts that he says show that he was continually denied medical treatment after falling in a shower "on or about" September 10, 2012. The facts section of his response to the motions for summary judgment duplicate the allegations in his complaint; most relevantly, that after his fall, Plaintiff's shoulder and thumb were "dislocated" and his spine

3

was "fractured," (Dkt. No. 53-1 at 2), and that he "requested medical treatment in writing on September 12, 1012," "was not given medical treatment until September 13, 2012," was "not allowed to see a physician until September 20, 2012," and "did not receive x-rays for another six days." He also alleges that Dr. Cunningham, the physician who examined and treated him throughout the complained-of period, referred him to a specialist, who he was not allowed to see, and gave him physical exercises consisting of arm rotations and pushups, which are "extremely painful," and cause "popping and grinding noises." (*Id.* at 2-4).

Plaintiff attached approximately 120 pages of exhibits to his responses to the motions to dismiss, all of which are medical records or grievances filed by Plaintiff with the detention center. However, the Magistrate found, and the Court agrees, that they are void of support for the continuous mistreatment or lack of treatment alleged in his recitation of facts. The records submitted show that Plaintiff was examined two or three days after his fall (September 13, 2012), was found to have no visible injuries, swelling, or bruising, and was prescribed ibuprofen the pain he described. (Dkt. No. 53-5 at 2). He was X-rayed on September 21, 2012, eleven days after the alleged fall, and diagnosed with "degenerative" (i.e. age-related) (Dkt. No. 53-4 at 2) change in his spine and muscle spasm. An MRI performed in December 2012 by another doctor, Yasseen Kuzbary, resulted in a consistent diagnosis – "mild degenerative" changes in the spinal cord, but no mention of dislocation or fracture. (Dkt. No. 53-32 at 7). Additional records show Plaintiff being seen for "headache" (Dkt. No. 53-27 at 3) in November 2012, and being treated in October of 2013 for "back pain" (Dkt. No. 53-32 at 22). He also received an MRI in December 2013, for "continued care." (*Id.* at 9). His physician, Dr. Cunningham, submitted a detailed affidavit averring that Plaintiff received medical care that was as prompt as was practicable, and continually responsive to his complaints. (Dkt. No. 32-3 at 2-6). Judging from the long list of

4

exams, prescriptions, and treatment in the record, the Court agrees. There is simply nothing in Plaintiff's medical record to support his allegation that he had a dislocated shoulder or fractures in his spine and hand, and certainly nothing to show that he was denied appropriate medical attention. The 2013 X-ray results relied on by Plaintiff in his response to the motions to dismiss (Dkt. No. 53-1 at 7-8) diagnose "mild widening" of the shoulder joint, not dislocation, and "remote dislocation" is mentioned only in the medical notes and history, not as a diagnosis. The doctor prescribed mild pain medication, with no mention of other necessary treatment.

Much of Plaintiff's argument focuses on his inability to pay to see an orthopedic specialist, which Dr. Cunningham explains was due to his lack of insurance. (Dkt. No. 32-3 at 4-5). Because the inmate's condition "was not serious or emergent . . . orthopedic treatment was not required, but would be an optional course." (*Id.* at 4). Prisons are not required to cover elective care when a patient/inmate is uninsured and cannot meet the payment requirements of the specialist.

As the Magistrate Judge explained, to show that he was unconstitutionally denied medical care under Section 1983, Plaintiff would need to meet a fairly high standard. In order to establish that Defendants were "deliberately indifferent to his serious medical needs" in violation of the Eighth or Fourteenth Amendment, a plaintiff must satisfy two elements. He must show a serious medical need and he must prove the defendant's purposeful indifference. *See, e.g., Estelle v. Camble,* 429 U.S. 97, 102 (1976); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. *Russell v. Sheffer,* 528 F.2d 318 (4th Cir.

1975). And failure to schedule elective care does not rise to the level of deliberate indifference. R&R at 12-13. The Court agrees that, viewing the alleged facts in a light most favorable to the plaintiff, he has raised no genuine issue for trail, and therefore grants summary judgment for the defendants as to the Section 1983 claim.

### C. Remaining pendant state claim

Having adopted the Magistrate's recommendations with respect to Plaintiff's federal claims, the only claim remaining is the pendant state law claim of gross negligence against Kershaw County and SHP. A federal court has discretion to decide pendant state law claims if federal and state claims arise out of a common nucleus of operative facts; however, if the federal claims are dismissed before trial, the state claims are normally dismissed as well. *E.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Webb v. McCullough*, 828 F.2d 1151, 1150 (6th Cir. 1987).

Plaintiff has dismissed this claim as to the individual defendants, leaving SHP and Kershaw County as the only defendants for the state claim. The R&R recommends that, having dismissed the federal jurisdiction claim, this Court remand the state matter to the Court of Common Pleas for resolution. SHP has objected, arguing that any negligence claims against it must be brought under a medical malpractice theory (Dkt. No. 63), and since Plaintiff has brought no expert testimony or other evidence as to its state liability, the claim should be dismissed with prejudice.

Defendant Kershaw County has also objected, arguing that summary judgment should also be granted with respect to its gross negligence liability. It contends that the gross negligence allegations in the complaint were insufficient to state a claim (Dkt. No. 33-1 at 5),

and that the County, as a part of the State of South Carolina, has Eleventh Immunity from liability on this issue. It also requests that this claim be dismissed with prejudice.

The summary judgment proceedings in this case have focused heavily on the federal question, without a full briefing of or a hearing on the state gross negligence matter. In addition, Plaintiff has submitted evidence in the form of an additional inmate affidavit on the conditions in the showers, which has not been addressed by Defendants. (Dkt. No. 53). Therefore, the Court finds under these circumstances that the more prudent and proper course is to decline to exercise federal court jurisdiction over the pendant state claims and to remand those claims to the state court for adjudication.

### III. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law. For the reasons articulated by the Magistrate Judge, Defendants' Motions to Dismiss (Dkt. Nos. 18, 19) are **GRANTED** and it is hereby ordered that the plaintiff's federal constitutions be **dismissed** and that the pendant state law claim be **remanded** to the Court of Common Claims.

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

August 25, 2014
Charleston, South Carolina